### DOROTHY WILLIAMS LAMSON v. HERBERT LAMSON, JR.

(Filed 9 November, 1960.)

APPEAL by defendant from *Hobgood, J.,* June 1960 Civil Term, WAKE Superior Court.

Civil action for alimony without divorce. The plaintiff filed a verified complaint in which she alleged the marriage; the birth of a child, Daniel Lamson, now 11; wrongful separation and abandonment of the plaintiff and child by the defendant who has failed to provide them with necessary subsistence according to his means and condition in life; that the defendant owns property and is gainfully employed; that the plaintiff has no income or estate, and is without sufficient means to support and provide for herself and the child and to prosecute this action.

She further alleged "by cruel and barbarous treatment contin-

uing over a period of several months, defendant has endangered the life of the plaintiff," specifying details. She alleged also she is a suitable and proper person to have the custody of Daniel Lamson.

The defendant made a motion to strike certain parts of the complaint. The motion was allowed in part and denied in part. The defendant filed a demurrer to the complaint which was overruled. He then filed an affidavit showing his contributions and moved the claim for alimony be denied.

The court entered findings of fact and ordered the defendant to pay certain sums for the benefit of the wife and child and her counsel. Defendant excepted and appealed.

*Vaughn S. Winborne, Samuel Pretlow Winborne, By: Vaughn S. Winborne for defendant, appellant.*

*Ellis Nassif, Taylor and Ellis for plaintiff, appellee.*

PER CURIAM. The plaintiff sought relief under G.S. 50-16. Her complaint states a cause of action for abandonment and failure to support under that section. Rule 4(a), Rules of Practice in the Supreme Court (242 N.C. 766) permits appeal neither from an order on a motion to strike nor from an order overruling a demurrer, unless for misjoinder of parties and causes. However, the defendant had the right to prosecute his appeal from the order allowing alimony. The record fails to show merit in the appeal.

Affirmed.